WENTWORTH, Senior Judge.
This is an appeal of a workers’ compensation order awarding temporary total disability compensation from October 14, 1989 to January 10, 1990, and temporary partial disability compensation from January 10, 1990 to April 5, 1990, the date of hearing. We reverse the award because we find it was based on a 1987 accident which was beyond the scope of the hearing stated in the colloquy of counsel and judge limiting the hearing to benefits for a claimed 1989 accident (which was rejected by the order):
MR. O’BRIEN: Judge, we’re seeking compensability of the October 14th, 1989 incident whether it be by new injury or an aggravation....
[[Image here]]
THE JUDGE: I have from your stip sheet 12/4/87 for 3 weeks.
MR. O’BRIEN: Yeah, that's a separate accident.
[[Image here]]
THE JUDGE: Oh, oh, oh, oh. Are you claiming that too?
MR. O’BRIEN: I understand it to have
been paid. That’s what_
MR. MOORE: Yeah, that had all been taken care of.
MR. O’BRIEN: Yeah, Tom has represented to me that it’s been paid so.... THE JUDGE: Okay....
[[Image here]]
MR. MOORE: So it’s our position, Your Honor, that this October 14th, 1989 incident did not occur. She did not have an accident that particular day.... And that her [current] complaints ... were nothing more than a mere progression ... as a result of an unrelated and non-compensable situation while at Disney World.
THE JUDGE: Is it your position actually that the ’87 accident caused ... a condition that’s finally evolved into an HNP [herniated nucleosis pulposis]?
MR. MOORE: No sir. No sir_
[W]hat I’m saying ... in reference to the ’87 incident ... it was a mere strain. She resolved with no impairment, according to the reports of Dr. Richards.
THE JUDGE: Right.
In support of our reading of this exchange is the face of the pre-trial stipulation itself, which bears in its caption only a reference to the date of the pertinent accident as August 14, 1989. Although the prior filed claim did list both dates, that was necessitated by the then outstanding claim for a brief period of temporary total disability immediately following the 1987 accident which was not controverted. Appellee correctly asserts that the dismissal of that claimed benefit, supra, did not dismiss other potential claims for the 1987 accident. But the limitation of the stated claim to one for aggravation by the alleged 1989 “incident” did exclude from this hearing any claim for benefit to which the 1989 event did not contribute. The determination by the judge as follows (which is not the sub *662 ject of cross-appeal) therefore disposes of the issues properly tried by the parties and requires reversal of the unrelated portions of the order:
I specifically find Claimant sustained no new injury and no aggravation of her prior 1987 condition for the incident at Walt Disney World in July of 1989 or for her reported new injury on October 14, 1989.
The order is accordingly reversed and the cause remanded with directions that the claim be denied consistent with this opinion and the foregoing determination by the judge.
SMITH and WIGGINTON, JJ., concur.